UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 15-cr-00247-EMC-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| ROY BARNINGHAM, | |
| Defendant. | Docket No. 88 |

Defendant Roy Barningham has moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Having reviewed the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Mr. Barningham's motion.

The Court rejects the government's argument that Mr. Barningham has failed to exhaust his administrative remedies. Mr. Barningham filed a reduction-in-sentence request on May 14, 2019. There was no response to that request after thirty days. Accordingly, under 18 U.S.C. § 3582(c)(1)(A), that request was administratively exhausted. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a court may reduce the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier") (emphasis added). That the Bureau of Prisons subsequently denied the RIS request on July 9, 2019, *see* Vickers Decl., Ex. D, does not change the fact that administrative exhaustion had already taken place.

The Court also finds that there are "extraordinary and compelling reasons warrant[ing]" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). That is, based on the record submitted, Mr. Barningham

suffers from a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* U.S.S.G. § 1B1.13, Note 1. The Court has also considered the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable in determining whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A)(i). This includes but is not limited to "whether the defendant is a danger to the safety of any other person or to the community."[1] U.S.S.G. § 1B1.13, Note 4; *see also* 18 U.S.C. § 3553(a)(2) (referring to a need for the sentence imposed "to protect the public from further crimes of the defendant"). There is no convincing evidence that given Mr. Barningham's age, physical condition, and underlying offense, he poses a danger to the community. And he has served nearly all his sentence, and so the goal of punishment is satisfied.

Accordingly, the Court grants Mr. Barningham's motion. The only issue remaining is what is an appropriate reduction in sentence. Section 3582(c)(1)(A) allows for imposition of a term of probation with or without conditions that does not exceed the unserved portion of the original term of imprisonment. Mr. Barningham has asked to be resentenced to a term of probation on home confinement (with electronic monitoring) for the remaining period of his custodial sentence. *See* Mot. at 1, 11-12. Mr. Barningham states his "current statutory release date is projected to be August 27, 2020," Mot. at 5, and the government does not contend otherwise. The Court finds that the sentence Mr. Barningham seeks is "sufficient, but not greater than necessary," to comply with the U.S. Code. 18 U.S.C. § 3553(a).

///
///
///
///
///
///

---

[1] In its papers, the government does not appear to make a claim of a danger to safety.

Defense counsel shall confer with the government and probation and submit a proposed order forthwith.

This order disposes of Docket No. 88.

**IT IS SO ORDERED**.

Dated: February 20, 2020

_____
EDWARD M. CHEN
United States District Judge